UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE WALKER.

       Plaintiff,

v.                                                                                      Hon. Jane M. Beckering

10TH DISTRICT COURT, et al.,                                     Case No. 1:26-cv-1087

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Maurice Walker filed his complaint in this action on March 24, 2026, alleging federal-law claims pursuant to 42 U.S.C. § 1983 against the State of Michigan 10th District Court, Unknown Part(y)(ies) #1 named as John/Jane Doe Court administrators, and Unknown Part(y)(ies) #2 named as Clerks (1–10) in their individual and official capacities. (ECF No. 1.) Walker is a resident of Indiana who currently has two active cases pending in the 10th District Court. (*Id.* at PageID.1.) He alleges that Defendants have violated his rights under the First and Fourteenth Amendments by: (1) blocking his attempts to contact the court by phone in connection with his pending cases; (2) refusing to answer certain emails he sent seeking information and assistance regarding his pending cases and providing false, misleading, or inaccurate information in connection with the responses that were provided; (3) refusing to file and process certain unidentified motions; (4) refusing to open a new case after Walker paid the required filing fee of $164.80 via Cash App Card; and (5) failing to respond to a transcript request he submitted to the court by email on March 5, 2026 in connection with Case No. 2025-25-083816. (*Id.* at PageID.2–3.)

Walker alleges claims of denial of access to the Courts, violation of his right to procedural due process, and violation of his right to equal protection. (*Id.* at PageID.3–4.) For relief, he seeks compensatory and punitive damages, a declaration that Defendants' acts violated his rights under the First and Fourteenth Amendments, and preliminary and permanent injunctive relief. (*Id.* at PageID.3–5.)

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "[A] district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988)).

The Eleventh Amendment is a jurisdictional bar that a court may raise *sua sponte* at any point in the litigation. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to suit in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Although Walker has not sued the State of Michigan, his suit against the

10th District Court is still barred in federal by the Eleventh Amendment because Michigan's courts are arms of the State of Michigan entitled to immunity. *Pucci v. 19th District Court*, 628 F.3d 752, 760–74 (6th Cir. 2010); *Chambers v. Michigan*, No. 2:10-cv-12509, 2011 WL 940830, at *3-4 (E.D. Mich. Mar. 16, 2011); *Young v. District & Sup. Cts. of Mich.*, No. 2:10-cv-15144, 2011 WL 166331, at *2 (E.D. Mich. Jan. 18, 2011) (citing cases). Accordingly, Walker's claims against the 10th District Court must be dismissed without prejudice for lack of jurisdiction.

Dismissal of the 10th District Court would leave only the John/Jane Doe Defendants. Because the clerks and administrators are court employees, Walker's official capacity damage claims against them are also barred by the Eleventh Amendment. *See Clay v. Braid*, No. 2:18-CV-10468, 2018 WL 2009551, at *3 (E.D. Mich. Apr. 30, 2018) ("Eleventh Amendment immunity applies to state employees, *i.e.*, the defendant judges and court employees, who are sued in their official capacities." (citing *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010))); *Smith v. Skryzynski*, No. 2:16-CV-12129, 2016 WL 3230701, at *3 (E.D. Mich. June 13, 2016) ("Eleventh Amendment immunity applies to state employees, such as prosecutors, judges, and court clerks who are sued in their official capacities."); *Geller v. Washtenaw Cnty.*, No. 04-72947, 2006 WL 2726965, at *3 (E.D. Mich. Sept. 22, 2006) ("'Employes [sic] of the district court are employees of the judicial district, an administration unit of the state's one district court, which in turn is a subdivision of Michigan's one court of justice.'") (quoting *Judges of the 74th Judicial Dist. v. Bay Cnty.*, 385 Mich. 710, 723 (1971)).

As for Walker's individual capacity claims against the clerks and court administrators, a complaint is subject to dismissal under the *Apple* standard as unsubstantial and devoid of merit when the defendant is immune from liability. *See Metzenbaum v. Nugent*, 55 F. App'x 729, 730 (6th Cir. 2003) (absolute judicial immunity); *Forbush v. Zaleski*, 20 F. App'x 481, 482 (6th Cir.

2001) ("Forbush's complaint is frivolous since Judge Zaleski is immune from liability."); *Nelson v. Janice*, No. 2:14-CV-11256, 2014 WL 2765147, at *2 (E.D. Mich. June 18, 2014) (quasi-judicial immunity). Courts have extended absolute judicial immunity to non-judicial officers who perform "quasi-judicial" functions. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Id.* (citing *Scruggs v. Moellering*, 870 F.2d 376 (7th Cir. 1989)). In determining whether an individual is entitled to quasi-judicial immunity, courts employ a "functional" approach, looking "to the nature of the function performed, not the identity of the actor who performed it." *Id.* (citations and internal quotation marks omitted). Whether an act is judicial in nature does not depend on whether it is discretionary. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). Instead, the relevant inquiry is whether the acts taken by court personnel were "basic and integral part[s] of the judicial process," unless those acts were done in the clear absence of all subject matter jurisdiction. *Mullis v. U.S. Bankruptcy Court, Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). Here, the acts Walker alleges that the clerks and administrators took, or failed to take, constitute basic and integral parts of the judicial function such that quasi-judicial immunity applies. *See Lyle v. Jackson*, 49 F. App'x 492, 494 (6th Cir. 2002) (court clerks entitled to quasi-judicial immunity for alleged failure to provide plaintiff with copies of previous filings and transcripts); *Fish v. Murphy*, 22 F. App'x 480, 482 (6th Cir. 2001) (holding that a clerk who misfiled a document leading to dismissal of the plaintiff's suit was entitled to judicial immunity); *Harris v. Suter*, 3 F. App'x 365, 366 (6th Cir. 2001) (per curiam) ("When a clerk files or refuses to file a document with the court, he is entitled to immunity, provided the acts complained of are within the clerk's jurisdiction." (citing *Mullis*, 828 F.2d at 1390)); *Ortman v. Michigan*, No. 92-2177, 1994 WL 12230, at *1 (6th Cir. Jan. 18,

4

1994) (court of appeals clerk entitled to immunity for improperly handling the plaintiffs' attempts to appeal from lower court actions); *Mwonyonyi v. Gieszl*, No. 89–5495, 1990 WL 10713, at *2 (6th Cir. Feb. 9, 1990) (per curiam) (holding that a deputy clerk of court was entitled to absolute quasi-judicial immunity from damages on claim he refused to file document submitted by the plaintiff). Thus, Walker's damage claims against the John/Jane Doe Defendants are subject to dismissal because those individuals are immune from liability.

Plaintiff's request for injunctive relief against the John/Jane Doe Defendants in their official capacities is also subject to dismissal. Although in the past claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity," *Nollet v. Justices of Trial Ct. of Commonwealth of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd*, 248 F.3d 1127 (1st Cir. 2000) (citing *Pulliam v. Allen*, 466 U.S. 522 (1984)), pursuant to the Federal Courts Improvement Act passed in 1996, Section 1983 was amended to preclude injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. While the John/Jane Doe Defendants are not judges, they are judicial officers within the meaning of the statute. *Smiles v. Royster*, No. 18-1440, 2018 WL 4998196, at *3 (6th Cir. Oct. 1, 2018) (applying Section 1983 prohibition on injunctive relief to Chief Clerk Royster and Deputy Clerk Meyer); *Meeks v. Michigan Dep't of Corrs.*, No. 1:20-cv-839, 2020 WL 5554872, at *7 (W.D. Mich. Sept. 17, 2020) (holding that clerks and administrators are entitled to the same protection from injunctive claims under Section 1983 as judges or justices). Here, because Walker fails to allege that a declaratory decree was violated or that declaratory relief was unavailable, his request for official capacity injunctive relief must be dismissed. *Id.*

5

**CONCLUSION AND RECOMMENDATION**

In sum, I recommend that the Court: (1) **dismiss** all of Walker's claims against the 10th District Court and his official capacity damage claims against the John/Jane Doe Defendants **without prejudice** on the basis that such claims are barred in this Court by the Eleventh Amendment; (2) **dismiss** all of Walker's individual capacity damage claims against the John/Jane Doe Defendants **with prejudice** on the basis that these Defendants are absolutely immune from liability for damages; and (3) **dismiss** the official capacity claims for injunctive relief. If the Court adopts this recommendation, only Walker's official capacity claims for declaratory relief and individual capacity claims for declaratory and injunctive relief will remain.

I further recommend that, should the Court adopt the foregoing recommendation, it administratively **stay** this matter pending identification of the Doe Defendants and direct Walker to file a motion to lift the stay and provide a proposed amended complaint that includes the names of the Doe Defendants once he has identified them.

Date:  April 13, 2026                                          /s/ Sally J. Berens
                                                                            SALLY J. BERENS
                                                                            U.S. Magistrate Judge

**NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).