UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE WALKER,

      Plaintiff,

      Case No. 1:26-cv-1087

v.

      HON. JANE M. BECKERING

CALHOUN COUNTY 10TH DISTRICT
COURT, et al.,

      Defendants.

_____/

**<u>OPINION AND ORDER</u>**

Plaintiff Maurice Walker, proceeding pro se, initiated this action with the filing of a Complaint in March 2026, which he amended on May 1, 2026.  According to the Magistrate Judge, Plaintiff's allegations imply that 10th District Judge Michelle L. Richardson, explicitly or implicitly, instructed court staff to obstruct or hinder Plaintiff's court-related activities, which included filing a motion to recuse Judge Richardson and a formal judicial misconduct grievance against her.  On May 18, 2026, the Magistrate Judge issued a Report and Recommendation, recommending dismissal of all claims in Plaintiff's First Amended Complaint, except for Plaintiff's official-capacity claims for declaratory relief.  The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 11).  In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

The Magistrate Judge recommends that Plaintiff's claims against the 10th District Court and the John/Jane Doe Court administrators ("Doe Defendants") in their official capacities be dismissed without prejudice on the basis of sovereign immunity (R&R, ECF No. 10 at PageID.59). Plaintiff expressly "does not object" to this recommendation (Objs., ECF No. 11 at PageID.64).

The Magistrate Judge also recommends that Plaintiff's claims for damages and injunctive relief against Judge Richardson be dismissed with prejudice on the basis of sovereign immunity (R&R, ECF No. 10 at PageID.60–61). Plaintiff likewise "does not object" to this recommendation (Objs., ECF No. 11 at PageID.64).

Last, the Magistrate Judge recommends dismissing with prejudice Plaintiff's claims for damages and injunctive relief against the Doe Defendants in their individual capacities (R&R, ECF No. 10 at PageID.60). Plaintiff's objections challenge the damages portion of this last recommendation.[1]

According to Plaintiff, the Magistrate Judge "extends quasi-judicial immunity beyond its proper scope" where the acts by the Doe Defendants that allegedly denied his access to courts did not involve judicial discretion or judgment but were "ministerial duties that any clerical employee in any office could perform" (Objs., ECF No. 11 at PageID.64–67) (referencing *Forrester v. White*, 484 U.S. 219, 227 (1988)).

The Magistrate Judge thoroughly considered the sovereign immunity issue. Applying binding Supreme Court and Sixth Circuit case law, the Magistrate Judge properly determined that the acts Plaintiff alleges that the clerks and administrators took (or failed to take) related to his

---

[1] To the extent Plaintiff also includes in his objections to the Report and Recommendation certain requests about future discovery, *see* Objs., ECF No. 11 at PageID.67–68, the Court declines to address the topic. *See generally* W.D. Mich. LCivR 72.3(b) (restricting the court's review to identified portions of a report and recommendation) and W.D. Mich. LCivR 7.1(a) (requiring requests for relief to be submitted in the form of a motion, with a supporting brief).

litigation constitute "basic and integral parts of the judicial function such that quasi-judicial immunity applies" (R&R, ECF No. 10 at PageID.60, incorporating 4/13/26 R&R, ECF No. 4 at PageID.18–20).  As the Magistrate Judge indicated, "[w]hether an act is judicial in character does not depend on whether it is discretionary." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) (relying on *Forrester*, 484 U.S. at 227).  An act, even though "non-discretionary," is a "truly judicial act," as "defined by the functions it protects and serves, not by the person to whom it attaches." *Id.*  The conclusion in *Forrester* upon which Plaintiff relies was dependent on the particular facts before the *Forrester* Court.  *See Forrester*, 484 U.S. at 227 (holding that the personnel actions in question, while "quite important," did not fall within the protected purview of "judicial decisions").  Plaintiff's objections fail to demonstrate any error in the Magistrate Judge's application of law to the facts as alleged by Plaintiff.  The Magistrate Judge properly concluded that the Doe Defendants' alleged acts and omissions served judicial functions and that Plaintiff's claims for damages and injunctive relief against them in their individual capacities are properly dismissed.  Accordingly:

IT IS HEREBY ORDERED that the Objections (ECF No. 11) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 10) is APPROVED and ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that except for his official-capacity claims for declaratory relief, all claims in Plaintiff's First Amended Complaint are DISMISSED for the reasons stated in the Report and Recommendation, and the 10th District Court is TERMINATED as a Defendant in this case.

Dated:  August 3, 2026

  /s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge